IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CHRISTOPHER DeWAYNE HOGAN, )
)
Petitioner, )
)
vs. ) NO. 3:09-CV-400
)
SUPERINTENDENT, )
)
Respondent. )

## OPINION AND ORDER

This matter is before the Court on the Petition under 28 U.S.C. Paragraph 2254 for Writ of Habeas Corpus by a person seeking review of his state criminal conviction, filed by Christopher DeWayne Hogan, a *pro se* prisoner, on August 31, 2009. For the reasons set forth below, the court **DENIES** the petition (DE # 1) and **DENIES** a certificate of appealability.

BACKGROUND

Petitioner Christopher DeWayne Hogan, was found guilty of attempted murder, resisting law enforcement, and carrying a handgun without a licence by the St. Joseph Superior Court in case 71D02-0211-CF-515. On June 24, 2002, he was sentenced to a total of 53 years. On direct appeal, the conviction and sentence were affirmed. Hogan then sought post-conviction relief in the state courts, but obtained no relief there either. Now he raises two grounds for

habeas corpus relief premised on the ineffective assistance of his trial counsel.

DISCUSSION

In deciding this habeas petition, where the state court addressed the merits of Hogan's legal claims, habeas corpus may not be granted unless that adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). This court must presume the facts set forth by the state courts are correct. 28 U.S.C. § 2254(e)(1). It is Hogan's burden to rebut this presumption of correctness with clear and convincing evidence. *Id.*

In addressing a claim of ineffectiveness of trial counsel, a petitioner must establish that counsel's performance was deficient and that he was prejudiced as a result. This requires a showing that the errors were so serious as to deprive the defendant of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). There is a strong presumption that counsel acted effectively. *Id.* at 690. "The question is whether an attorney's representation amounted to incompetence under 'prevailing professional norms,' not

whether it deviated from best practices or most common custom." *Harrington v. Richter*, 562 U.S. \_\_, \_\_; 131 S. Ct. 770, 778; 178 L. Ed. 2d 624, 632 (2011). "Surmounting *Strickland's* high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. \_\_, \_\_; 130 S. Ct. 1473, 1485; 176 L. Ed. 2d 284, 297 (2010).

I. Juror No. 20

Juror No. 20 was the second cousin of the deputy prosecutor in Hogan's criminal trial. This was discovered during *voir dire*. In response, Hogan's counsel moved to dismiss the juror for cause, but the trial judge denied the motion.

> On the second day of trial, prior to the introduction of evidence, the trial court revisited the issue of Juror No. 20's service on the jury. The trial court suggested removing Juror No. 20 because of his family relationship to the deputy prosecuting attorney; however, Hogan's counsel objected noting that he based his jury selection on the belief that Juror No. 20 would serve on the jury. Hogan's counsel stated that "If I wanted him off, I would have exercised a peremptory." Juror No. 20 remained on the panel.
> After the first day of evidence was presented, the trial court asked Hogan's counsel about Juror No. 20's status on the panel. The trial judge noted the state of the law regarding implied bias and offered to have Juror No. 20 removed as a juror. After consulting with Hogan, Hogan's counsel stated that "[t]he defendant will stand on the record previously made."

*Hogan v. State*, No. 71A04-0801-PC-38, slip at 6-7 (Ind. Ct. App. December 11, 2008) (citations omitted); DE # 11-9 at 7-8.

Hogan now argues that his trial counsel was ineffective because he did not cite the law regarding implied bias when he

challenged Juror No. 20 for cause. He argues that he was ineffective because he did not use a preemptive challenge to remove Juror No. 20. He argues that he was ineffective for not accepting the trial judge's offers to remove Juror No. 20. He argues that as a result of the "implied bias" of Juror No. 20, he was deprived of his right "to be tried by an impartial jury." (DE # 19-1 at 4). In analyzing this issue, the Court of Appeals of Indiana held "that the decision to allow Juror No. 20 to remain on the jury was a matter of trial strategy, and that Hogan has not shown prejudice." *Hogan v. State*, No. 71A04-0801-PC-38, slip at 8 (Ind. Ct. App. December 11, 2008); DE # 11-9 at 9.

Hogan is undoubtedly correct that if his attorney had properly presented the legal basis for his claim to the state trial judge, Juror No. 20 would have been excused – even without proof of actual bias. But this is a habeas corpus proceeding and the legal test at this stage is different. To prevail on a claim of ineffective assistance of counsel, Hogan must demonstrate that Indiana's determination was an unreasonable application of *Strickland*. To accomplish this, he must show that he was actually prejudiced. "This requires showing that [the presence of Juror No. 20 was] so serious as to deprive [him] of a fair trial, a trial whose result is reliable." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Unless he can do so, "it cannot be said that the conviction . . .

resulted from a breakdown in the adversary process that renders the result unreliable." *Id.*

At trial, Hogan waived his challenge to this juror and "[t]he Sixth Amendment right to an impartial jury, like any constitutional right, may be waived." *United States v. Brazelton*, 557 F.3d 750, 755 (7th Cir. 2009) (quotation marks and citation omitted, brackets in original). Because of this waiver, "implied bias" is not a basis for habeas corpus relief in this case. Rather, he can only obtain habeas corpus relief if he can prove that he did not receive a fair trial by demonstrating that Juror No. 20 was actually biased. Hogan has not argued – nor pointed to anything in the record to indicate – that Juror No. 20 was actually biased. Therefore habeas corpus relief cannot be granted on this ineffective assistance of counsel claim.

II. *Blakely* Retroactivity

Hogan argues that his trial counsel was ineffective because he did not object at sentencing to the trial judge's factual determinations. He argues, that factual determinations must be made by the jury. The Court of Appeals of Indiana recognized that this argument was consistent with the holding in *Blakely v. Washington*, 542 U.S. 296 (2004), but held that "*Blakely* became the law in 2004, and Hogan's direct appeal was already decided by that time. Thus the law announced in *Blakely* was not available to Hogan." *Hogan v.*

*State*, No. 71A04-0801-PC-38, slip at 9 (Ind. Ct. App. December 11, 2008) (DE # 11-9 at 10). Hogan understands that his direct appeal ended before the decision in *Blakely* was announced. Nevertheless, he argues that it should be applied retroactively to cases on collateral review.

> In light of the evolving state of the law, it was unreasonable for counsel not to present an argument grounded in the federal constitution that removing the aggravating circumstances from the jury denied Petitioner due process. The State of Indiana has recognized that its sentencing scheme is unconstitutional. To deny relief to one whose case is still being appealed, although in a collateral proceeding, is equal to not only misapplying clearly established United States Supreme Court law but ignores the constitutional guarantees.

DE # 19-1 at 6.

The United States Supreme Court has not yet decided whether *Blakely* applies retroactively to cases on collateral review. *See Burton v. Stewart*, 549 U.S. 147, 149 (2007). Therefore Indiana cannot have been clearly erroneous when it declined to do so.

> Because our cases give no clear answer to the question presented, let alone one in [Hogan]'s favor, it cannot be said that the state court unreasonably applied clearly established Federal law.

*Wright v. Van Patten*, 552 U.S. 120, 126 (2008) (quotation marks, brackets, and citation omitted). As previously explained, habeas corpus may not be granted unless the state court decision was based on an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States. 28 U.S.C.

§ 2254(d)(1). Because that did not occur here, habeas corpus relief cannot be granted on this claim.

III. Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the Court must either issue or deny a certificate of appealability in all cases where it enters a final order adverse to the petitioner. To obtain a certificate of appealability under 28 U.S.C. § 2253©, the petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quote marks and citation omitted). As more fully explained above, nothing before the Court suggests that jurists of reason could debate the resolution of these issues and nothing indicates that they deserve to proceed further. Accordingly, the Court will not issue a certificate of appealability.

CONCLUSION

For the reasons set forth above, the court **DENIES** the petition (DE # 1) and **DENIES** a certificate of appealability.


DATED:  March 7, 2011                    /s/RUDY LOZANO, Judge
                                         **United States District Court**